T.C. Memo. 2008-241

UNITED STATES TAX COURT

MICHAEL P. COGHLAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19460-06L.                    Filed October 28, 2008.

Michael P. Coghlan, pro se.

Gregory J. Stull, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge: The issue for decision is whether respondent abused his discretion in sustaining the decision to file a notice of Federal tax lien relating to petitioner's 2000 and 2002 tax liabilities.

FINDINGS OF FACT

On October 30, 2003, petitioner untimely filed his 2000 Federal income tax return on which he reported, but did not pay, a $39,514 outstanding liability and elected married filing separately status.  In a notice and demand for payment issued on November 24, 2003, respondent determined that petitioner was liable for the self-reported underpayment and section 6651(a)(1) and (2)[1] additions to tax bringing his total outstanding liability to $58,929.

On May 5, 2004, respondent placed petitioner's 2000 account in currently noncollectible (CNC) status, and on May 15, 2004, issued petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing relating to petitioner's 2000 and 2002 unpaid income tax liabilities.  On June 16, 2004, respondent received petitioner's Form 12153, Request for a Collection Due Process Hearing, in which petitioner disputed the proposed levy. On November 19, 2004, Ms. Norman, a settlement officer, held a face-to-face hearing (levy hearing) with petitioner.  During the levy hearing, petitioner disputed the balance due with respect to the 2000 tax liability.  Respondent, in a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) issued on March 24, 2005, recommended

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the years in issue.

that petitioner's CNC status remain in effect until his financial status improved.

On May 1, 2005, petitioner submitted to respondent a $6,492 offer-in-compromise (OIC). On June 12, 2005, petitioner increased the OIC to $12,000. On October 3, 2005, respondent rejected the revised OIC, and petitioner appealed the rejection. Respondent subsequently sustained his decision.

On October 13, 2005, respondent issued petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (lien notice) relating to 2000 and 2002. On November 11, 2005, petitioner filed the Form 12153 to dispute the validity of the tax lien and the underlying liability relating to 2000. On January 26, 2006, Mr. Engelbrecht, a settlement officer in Memphis, scheduled a telephone hearing for February 28, 2006. By a letter dated February 7, 2006, petitioner requested a face-to-face hearing.

On February 13, 2006, the Memphis Appeals Office transferred the hearing request to respondent's Chicago Appeals Office. In a letter dated May 18, 2006, Ms. Dismukes, a settlement officer in Chicago, scheduled a June 19, 2006, telephone hearing with petitioner. On June 15, 2006, petitioner, who had financial information he wanted the settlement officer to review, left Ms. Dismukes a voice mail message requesting a face-to-face hearing. On June 16, 2006, Ms. Dismukes returned petitioner's call.

During the telephone conversation, petitioner requested that the lien be released, explained the circumstances relating to the filing of his 2000 income tax return, and reiterated his desire for a face-to-face hearing. In response, Ms. Dismukes explained the Appeals process, informed petitioner that he had not established a basis for withdrawal of the lien, and scheduled a face-to-face hearing for June 30, 2006. On June 28, 2006, petitioner left Ms. Dismukes a voicemail message stating that he would like to reschedule the hearing. Ms. Dismukes did not return petitioner's call or reschedule the hearing.

On August 22, 2006, respondent issued a notice of determination denying petitioner's appeal relating to the filing of the tax lien. On September 25, 2006, petitioner, while residing in Illinois, filed his petition with this Court seeking a review of the notice of determination.

### OPINION

Section 6320 provides for Tax Court review of the Commissioner's administrative determinations to proceed with the collection of tax liabilities. Section 6320(b)(1) provides that if a taxpayer requests a hearing, "such hearing shall be held by the Internal Revenue Service Office of Appeals." Section 6320(c) provides that section 6330 shall apply to the conduct and judicial review of the hearing. Section 6320 hearings are informal proceedings and may, but are not required to, consist of

a face-to-face meeting, one or more written or oral communications between an Appeals officer and the taxpayer, or some combination thereof. Sec. 301.6320-1(d)(2), Q&A-D6, Proced. & Admin. Regs.; see Katz v. Commissioner, 115 T.C. 329, 337 (2000). Ordinarily, a taxpayer who presents in the request relevant, nonfrivolous reasons for disagreement with the proposed levy will be offered an opportunity for a face-to-face hearing at the Appeals Office closest to the taxpayer's residence. Sec. 301.6320-1(d)(2), Q&A-D7, Proced. & Admin. Regs.

The taxpayer may raise at the Appeals Office hearing any relevant issue relating to the unpaid tax or the lien notice including spousal defenses, challenges to the appropriateness of the collection actions, and offers of collection alternatives. Sec. 6330(c)(2)(A). A taxpayer may also raise the underlying tax liability if the person did not receive a notice of deficiency for, or did not otherwise have an opportunity to dispute, the tax liability. Sec. 6330(c)(2)(B). Following the hearing, the Appeals Officer must determine whether the collection action may proceed, taking into account verification that all requirements of any applicable law or administrative procedure have been met, relevant issues raised during the hearing, and whether the collection action balanced the need for the efficient collection of taxes with the intrusiveness of the collection action. See sec. 6330(c)(3).

Petitioner contends that he was not afforded an appropriate hearing and that Ms. Dismukes failed to meet him face-to-face. Ms. Dismukes and petitioner had a telephone conversation on June 16, 2006, during which petitioner raised issues relating to the tax liability and the lien action. On multiple occasions, petitioner requested a face-to-face hearing to allow him to present information regarding his financial status and responsibilities (i.e., child support payments, counseling expenses, and health insurance premiums). Petitioner further contends that he was not given the opportunity to assert that these financial considerations were justifications to abate his tax liability.

Even though petitioner was not afforded a face-to-face hearing, he has not been prejudiced. Furthermore, petitioner requested that the Court not remand his case to the Appeals Office. It is neither necessary nor productive to remand this case. See Nestor v. Commissioner, 118 T.C. 162, 167 (2002); Lunsford v. Commissioner, 117 T.C. 183, 189 (2001). Moreover, release of the lien is not justified. See sec. 6325(a).

Petitioner also contends that he was defrauded by his former wife who elected married filing separately, rather than married filing jointly, status. Petitioner claims that his tax liability would have been lower had they filed a joint 2000 return. Petitioner, however, had the opportunity to dispute the

underlying liability at the levy hearing and, thus, is not entitled to challenge the underlying liability. See Bell v. Commissioner, 126 T.C. 356, 358-359 (2006). Where the validity of the liability is not properly part of the appeal, the Court reviews the Appeals officer's administrative determination for abuse of discretion. See Davis v. Commissioner, 115 T.C. 35, 39 (2000); see also Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Petitioner contends that, in determining whether to sustain the lien notice, respondent abused his discretion by failing to consider petitioner's financial responsibilities and the revised OIC. Respondent's determination, however, had a sound basis in fact and law and was not arbitrary or capricious. First, the OIC was submitted and rejected before respondent issued the lien notice. Second, petitioner did not raise any collection alternatives. Third, respondent, pursuant to section 6330(c)(3), properly weighed the intrusiveness of the collection action against the need for the efficient collection of taxes. Finally, the assessment of taxes and the recordation of the lien were carried out in accordance with all appropriate statutes and regulations. Accordingly, we sustain respondent's determination.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

for respondent.