126 T.C. No. 18

UNITED STATES TAX COURT

GREG A. BELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10388-05L.                     Filed May 22, 2006.

       R issued P a notice of intent to levy relating to
P's 1997 tax liability.  P timely requested a hearing
to dispute the underlying tax liability but R informed
P that P's liability could not be contested.  Because P
did not receive a notice of deficiency, however, he was
entitled, pursuant to sec. 6330(c)(2)(B), I.R.C., to
challenge the liability.  R mailed P a notice of
determination, but P did not file a petition with the
Court or otherwise challenge the notice of
determination.  R mailed P a notice of Federal tax lien
relating to the 1997 liability.  P requested another
hearing, and R informed P that the liability could not
be challenged because P had a prior opportunity to
dispute the liability.  R then mailed P a second notice
of determination relating to the 1997 liability.

       <u>Held</u>:  P, after the first notice of determination
was issued, had the opportunity to file a petition with
this Court and dispute the 1997 liability.  Thus, R did
not abuse his discretion, and P was precluded from
subsequently challenging the underlying liability.
Sec. 6330(c)(2)(B), I.R.C.

Greg A. Bell, pro se.

Stephen J. Neubeck, for respondent.

OPINION

FOLEY, Judge:  The issue for decision is whether respondent abused his discretion when he precluded petitioner, at the 2005 hearing, from challenging petitioner's underlying tax liability and sustained the Notice of Federal Tax Lien relating to petitioner's 1997 liability.

Background

Petitioner failed to file his 1997 Federal income tax return.  By notice dated September 15, 2000, respondent determined a deficiency in, and additions to, petitioner's 1997 Federal income tax.  Respondent mailed such notice to petitioner, but petitioner did not receive it.

On April 27, 2002, a Notice of Intent to Levy and Notice of Your Right to a Hearing relating to 1997 was mailed to petitioner.  On May 22, 2002, petitioner timely filed a Form 12153, Request for a Collection Due Process Hearing (2002 request).  In the 2002 request, petitioner contended that he "was never provided proof of the amount allegedly owed, neither in direct documentation, nor statements of how rules/laws and calculations were applied."  The Appeals officer scheduled a hearing for October 5, 2002 (2002 hearing).  In a letter dated

August 30, 2002, the Appeals officer informed petitioner that the underlying tax liability could not be challenged at the 2002 hearing because petitioner had a prior opportunity to dispute the liability. In a letter dated September 5, 2002, the Appeals officer enclosed a copy of the notice of deficiency and reiterated that petitioner could not, at the 2002 hearing, challenge the underlying liability. Petitioner failed to appear at the hearing and did not attempt to schedule another hearing. As a result, on June 9, 2003, respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (2003 notice of determination).

The 2003 notice of determination stated that the underlying liability "cannot be considered under this process" and "if you want to dispute this determination in court, you must file a petition with the United States Tax Court for a redetermination within 30 days from the date of this letter." Petitioner did not file a petition with the Court or otherwise dispute respondent's 2003 notice of determination. Respondent, however, did not proceed with the proposed collection action.

On September 8, 2004, respondent mailed petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC

6320 (2004 NFTL) relating to 1997.[1]  On October 13, 2004, petitioner timely filed a Form 12153, Request for a Collection Due Process Hearing (2004 request), but he did not set forth any issues relating to his 1997 liability.  The settlement officer scheduled a hearing for February 2, 2005 (2005 hearing), but petitioner failed to appear.  The 2005 hearing was rescheduled for February 14, 2005.  On February 13, 2005, the settlement officer received a letter in which petitioner stated he was withdrawing "[his] collection due process appeal".  On February 14, 2005, the settlement officer sent petitioner a Form 12256, Withdrawal of Request for Collection Due Process Hearing, but petitioner refused to sign the form.  The settlement officer then rescheduled the 2005 hearing for March 25, 2005, and, in a letter dated March 18, 2005, informed petitioner that he was "previously provided with an opportunity to challenge this liability * * * in 2002 [and] the issue of liability cannot be considered".  The 2005 hearing was held via telephone on March 25, 2005, and petitioner was precluded from challenging the underlying liability.  On May 3, 2005, respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (2005 notice of determination).

---

[1]  The record does not indicate why respondent failed to proceed with the proposed collection action after issuing the 2003 notice of determination or why the 2004 NFTL was necessary.

On June 7, 2005, petitioner, while residing in London, Ohio, filed his petition with the Court seeking a review of the 2005 notice of determination. On January 4, 2006, the Court filed respondent's motion for summary judgment and on February 27, 2006, denied the motion.

## Discussion

Petitioner contends that he should have been allowed to challenge the underlying tax liability at the 2005 hearing and that respondent abused his discretion. Conversely, respondent contends that he did not abuse his discretion because petitioner had a prior opportunity to challenge the underlying liability and, thus, was precluded from subsequently raising the matter. We agree with respondent.

Section 6330(c)(2)(B)[2] allows challenges to the existence or amount of the underlying liability if petitioner did not receive a notice of deficiency or otherwise have an opportunity to dispute the liability. This statutory preclusion is triggered by the opportunity to contest the underlying liability, even if the opportunity is not pursued. Goza v. Commissioner, 114 T.C. 176, 182-183 (2000). The 2003 notice of determination provided petitioner with an opportunity to contest the determination by filing a petition with the Court. Petitioner, had he filed a

---

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

petition, could have contested the underlying liability. Petitioner, however, did not petition the Court after the 2003 notice of determination was issued.

Petitioner also contends that he should have been allowed, at the 2005 hearing, to contest the underlying liability because respondent erroneously precluded him, at the 2002 hearing, from doing so. In <u>Heckler v. Cmty. Health Servs.</u>, 467 U.S. 51, 63 (1984), the Supreme Court stated that "those who deal with the Government are expected to know the law and may not rely on the conduct of Government agents contrary to law." See <u>Estate of Emerson v. Commissioner</u>, 67 T.C. 612, 617 (1977) (holding that this Court will apply the doctrine of estoppel against the Government with the "utmost caution and restraint"). Despite respondent's error, petitioner was entitled to petition this Court, dispute the determination, and challenge the underlying liability. Petitioner failed to do so and, thus, was precluded from subsequently challenging the underlying liability. Accordingly, respondent did not abuse his discretion and is not estopped from proceeding with the proposed collection action.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

for respondent.
