T.C. Summary Opinion 2006-133


UNITED STATES TAX COURT


PATRICIA AGNES WILLIAMS, DEBBIE WALES, NEXT FRIEND, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19402-03S.              Filed August 28, 2006.


Patricia Agnes Williams, Debbie Wales, Next Friend, pro se.

<u>Susan Greene</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code of 1986, as amended.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

The petition in this case was filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 (Notice of Determination). Pursuant to sections 6320(c) and 6330(d), petitioner seeks review of respondent's filing of a Notice of Federal tax lien with respect to her income tax liability for 1990. The issue for decision is whether respondent's determination to proceed with collection action was an abuse of discretion.

## Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Groves, Texas.

On September 6, 1994, the Internal Revenue Service (IRS) received from petitioner and Ted Williams, her spouse, a Form 1040, U.S. Individual Income Tax Return, for 1990. Petitioner and her spouse claimed deductions of $11,217 for various expenses on Schedule C, Profit or Loss From Business, but reported gross receipts or sales of zero. The return claimed a refund of $1,926.

The IRS disallowed the claim of petitioner and her spouse as untimely, and later advised them that their return for 1990 had been selected for examination. The case of petitioner and her spouse was transferred to Austin, Texas, at petitioner's request.

Soon after the case was transferred, the IRS requested that petitioner and her spouse consent to extending the period of limitations for assessment of the tax due on the 1990 tax return. When they refused to consent to the extension, the IRS disallowed their claimed Schedule C expenses due to lack of substantiation. The disallowance of the Schedule C expenses, which also led to the disallowance of a small amount of itemized deductions on Schedule A, resulted in a deficiency of $3,204.

Respondent prepared a statutory notice of deficiency dated July 22, 1997, for issuance to petitioner and her spouse for 1990, reflecting a deficiency of $3,204 and additions to tax under section 6651(a)(1) and (2) and an accuracy-related penalty under section 6662. No petition for a redetermination of the deficiency was filed in this Court, and the IRS assessed the deficiency, additions, and penalty on December 19, 1997.

In September of 1999 the IRS sent to petitioner and her spouse Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing. The letter notified them that the IRS intended to levy on their property and rights to property to collect their unpaid liabilities for 1990, and of their right to request a hearing with the Appeals Office before execution of the levy. Although petitioner received a copy of the notice of intent to levy and right to a hearing, she did not request a hearing with Appeals.

On December 30, 2002, the IRS sent to petitioner and her spouse Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, for their 1990 Federal income tax liability. Petitioner and her spouse, through Debbie Wales, their authorized representative, timely requested a hearing with respect to the filing of the notice of Federal tax lien. In the request for a hearing, it was alleged that 1991 was audited before 1990 and was found to be "acceptable".

The Appeals officer conducted the collection due process hearing by telephone and correspondence with petitioner and Ms. Wales with respect to the notice of lien filing. Other than the existence or amount of the underlying liability, petitioner raised no issues for consideration by the Appeals officer. Petitioner, however, presented no evidence with respect to the underlying tax liability.

The Appeals Office issued the notice of determination in this case finding the filing of the Notice of Federal Tax lien to be an appropriate collection method.

## Discussion

Section 6320 entitles a taxpayer to notice of his right to request a hearing with the IRS Office of Appeals after a notice of lien is filed by the Commissioner in furtherance of the collection of unpaid Federal taxes. The taxpayer requesting the hearing may raise any relevant issue with regard to the

Commissioner's intended collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection. Secs. 6320(b) and (c), 6330(c); see Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000).

Where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the Appeals officer for abuse of discretion. Sego v. Commissioner, supra at 609-610; Goza v. Commissioner, supra at 181-182.

The taxpayer may raise challenges "to the existence or amount of the underlying tax liability", however, only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B).

At trial, petitioner's only argument was that she did not receive the statutory notice of deficiency for the underlying tax liability and that the IRS could not prove that they had sent it. Therefore, she argues, the assessment in this case is wrongful. In making this argument, petitioner attempts to challenge "the existence or amount of the underlying tax liability", which is allowed under the law only if she "did not receive any statutory notice of deficiency for such tax liability or did not otherwise

have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B).

The parties agree that the IRS sent petitioner and her spouse Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, that they received a copy of the notice of intent to levy and right to a hearing, and that they did not request a hearing with Appeals.

Petitioner's failure to request a hearing on the notice of intent to levy is the deciding factor in this case. "An opportunity to dispute a liability includes a prior opportunity for a conference with Appeals that was offered either before or after the assessment of the liability." Sec. 301.6320-1(e)(3), Q&A E2, Proced. & Admin. Regs.

Section 301.6320-1(e)(3), Q&A-E7, Proced. & Admin. Regs., further explains that "Where the taxpayer previously received a CDP Notice under 6330 with respect to the same tax and tax period and did not request a CDP hearing with respect to that earlier CDP Notice, the taxpayer already had an opportunity to dispute the existence or amount of the underlying tax liability."

Petitioner could have challenged as improper, due to the alleged failure of the IRS to mail to her a statutory notice of deficiency, the assessment for 1990 income taxes at a section 6330 hearing offered in the notice of intent to levy. Because petitioner has had an opportunity to dispute the assessment in

Appeals and, if necessary, to file a petition with the Tax Court to contest the issue, she is precluded from now attacking the assessment.  <u>Bell v. Commissioner</u>, 126 T.C. 356 (2006).

The only issue raised by petitioner addressed the existence of the underlying tax liability, which issue the Court has determined she is precluded from raising.  The Court finds, therefore, that respondent did not abuse his discretion in determining that the filing of the Notice of Federal Tax Lien was appropriate.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.