T.C. Summary Opinion 2007-75


UNITED STATES TAX COURT


MARK LEWIS TRACTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13238-05S.                   Filed May 21, 2007.


Mark Lewis Tracton, pro se.

<u>Horace Crump</u>, for respondent.


GALE, <u>Judge</u>:  This case was heard pursuant to the provisions
of section 7463 of the Internal Revenue Code in effect when the
petition was filed.[1]  Pursuant to section 7463(b), the decision
to be entered is not reviewable by any other court, and this

_____

    [1] Unless otherwise indicated, all section references are to
the Internal Revenue Code of 1986.

opinion shall not be treated as a precedent for any other case.

This proceeding arises from a petition for review in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 that was sent to petitioner on June 16, 2005, concerning his income tax liability for 1997. The issue for decision is whether respondent abused his discretion in sustaining a Federal tax lien with respect to petitioner's 1997 liability.

## Background

Some of the facts have been stipulated and are so found. We incorporate by this reference the stipulation of facts and the exhibits attached thereto. At the time the petition was filed, petitioner resided in Mobile, Alabama.

Petitioner filed a Federal income tax return for the 1997 taxable year.[2] On that return, petitioner did not report any income from Witness Incorporated (Witness) despite having received a Form 1099-MISC, Miscellaneous Income, issued by Witness that indicated he had received $56,370 in nonemployee compensation during 1997. Petitioner was a cofounder and

---

[2] The record does not include a copy of petitioner's 1997 return, and there is conflicting evidence in the record with regard to petitioner's filing status for that year. As discussed infra, the underlying liability for 1997 is not properly at issue in this case. Consequently, petitioner's filing status for 1997 is not material.

president of Witness. He resigned his position as president in October 1996 but in doing so offered to continue to serve the company in other capacities.

On August 30, 1999, the Internal Revenue Service (IRS) sent a Notice CP 2501, Initial Inquiry Letter, requesting additional information from petitioner about the discrepancy between the income he reported on his 1997 return and the information that was reported to the IRS by others, including Witness. Petitioner complied with this request, and received a letter from the IRS acknowledging his response. On November 13, 2000, a statutory notice of deficiency (based on $56,370 of omitted income from Witness) was sent by certified mail to petitioner at the same address where respondent had sent the Notice CP 2501 on August 30, 1999 (to which petitioner responded). Petitioner did not petition the Tax Court with respect to the notice of deficiency.

On June 4, 2002, a Letter 11, Notice of Intent to Levy and Notice of Your Right to a Hearing, with respect to petitioner's income tax liability for 1997 was mailed to petitioner. Petitioner timely submitted a Form 12153, Request for a Collection Due Process Hearing, with respect to the levy notice. In connection with the hearing on the proposed levy (levy hearing) petitioner contended that he did not receive any income from Witness in 1997. The Appeals employee conducting the levy

hearing concluded that petitioner had not provided any "reasonable" evidence that he had not received the notice of deficiency for 1997 mailed to him and accordingly that petitioner was precluded under section 6330(c)(2)(B) from challenging the underlying liability. On March 22, 2004, a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (levy notice of determination) was issued to petitioner that sustained the levy. Petitioner did not petition the Tax Court with respect to the levy notice of determination.

On February 2, 2005, a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, with respect to petitioner's 1997 taxable year was sent to petitioner. On April 7, 2005, respondent received petitioner's timely submitted Form 12153, in which petitioner again contended that he never received the income that gave rise to the 1997 liability that respondent was seeking to collect.

On May 8, 2005, respondent sent a letter scheduling petitioner's hearing and advising that petitioner was prohibited from disputing the 1997 liability at the hearing because a statutory notice of deficiency had been issued to him and he had failed to contest it in Tax Court. The letter also notified petitioner that if he wanted the Appeals employee to consider collection alternatives, petitioner would be required to submit a

completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and signed Federal income tax returns for 1999-2004 (which respondent's records indicated had not been filed).

During the hearing, the only issue petitioner raised was the existence of his underlying tax liability for 1997. He did not propose any collection alternatives, he did not complete a Form 433-A as requested, nor did he file any delinquent income tax returns. On June 16, 2005, a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (lien notice of determination) was issued to petitioner that sustained the lien.

Petitioner timely filed his petition in the present case on July 18, 2005. The petition alleges that the Form 1099-MISC issued by Witness is fraudulent and that petitioner received no income from Witness in 1997.

## Discussion

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person when a demand for the payment of the person's liability for taxes has been made and the person fails to pay those taxes. The lien arises when an assessment is made. Sec. 6322. Section 6323(a) requires the Secretary to file a notice of Federal tax lien if the lien is to

be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor. Lindsay v. Commissioner, T.C. Memo. 2001-285, affd. 56 Fed. Appx. 800 (9th Cir. 2003).

Section 6320 provides that the Secretary must send a taxpayer written notice of the filing of a notice of Federal tax lien under section 6323. The notice required by section 6320 must be provided not more than 5 business days after the filing of the notice of lien. Sec. 6320(a)(2). Section 6320 further provides that the person may request administration review of the matter (in the form of an Appeals Office hearing) within 30 days beginning on the day after the 5-day period. An administrative hearing under section 6320 is conducted in accordance with the procedural requirements of section 6330. Sec. 6320(c).

Section 6330(c)(2) prescribes the matters that a person may raise at an Appeals Office hearing. Under that section, a person may raise any relevant issue relating to the unpaid tax, including a spousal defense or collection alternatives. Sec. 6330(b) and (c)(2); sec. 301.6320-1(e)(1), Proced. & Admin. Regs. A challenge to the existence or amount of the underlying tax liability may also be made, but only if the taxpayer did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax

liability.  Sec. 6330(c)(2)(B); <u>Sego v. Commissioner</u>, 114 T.C. 604, 609 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 180-181 (2000).  A prior opportunity to dispute the underlying tax liability includes a prior hearing pursuant to section 6330 concerning the liability where the taxpayer fails to seek judicial review of the Appeals Office's determination arising from that hearing.  <u>Bell v. Commissioner</u>, 126 T.C. 356 (2006).

The sole material[3] issue raised by petitioner at his hearing and at trial with respect to the unpaid 1997 tax and the lien is his claim that he did not receive the income that gave rise to the unpaid liability.  Respondent argues that petitioner's contention constitutes a challenge to the underlying tax liability for 1997 that is precluded under section 6330(c)(2)(B) because petitioner had a previous opportunity to dispute the liability.  We agree.

---

[3] Two other immaterial issues were raised by petitioner. First, petitioner complains of respondent's failure to provide him with a copy of his 1997 return.  The Appeals officer, however, was not required to furnish documentation or information to petitioner beyond proof of the assessment.  See, e.g., <u>Nestor v. Commissioner</u>, 118 T.C. 162, 166-167 (2002); <u>Scott v. Commissioner</u>, T.C. Memo. 2007-91.  Second, petitioner complains that respondent has sent information regarding petitioner's tax liabilities to an unauthorized third party.  Our jurisdiction in this case is limited to the issue of whether respondent may proceed with the proposed collection action.  Petitioner's remedy for any unauthorized disclosure of his personal tax information lies in the U.S. District Court.  See sec. 7431.

As in Bell v. Commissioner, supra, petitioner received a prior hearing pursuant to section 6330 (the levy hearing) when respondent proposed a levy to collect petitioner's 1997 liabilities in June 2002. The Appeals employee conducting the levy hearing rejected petitioner's claim that he had not received the notice of deficiency for 1997 and therefore would not consider petitioner's challenge to the underlying tax liability. When the levy notice of determination was issued, petitioner could have obtained judicial review of the determination, including the issue of whether the Appeals employee properly refused to consider the underlying tax liability for 1997, but did not. Accordingly, under Bell v. Commissioner, supra, petitioner has had a prior opportunity to dispute the underlying liability and may not do so in this proceeding.[4] In sum, petitioner forfeited his opportunity to obtain judicial review of his claim that he did not receive the income reported by Witness for 1997 by failing to petition the Tax Court with respect to the earlier notice of determination he received concerning the levy.

As the challenge to the underlying tax liability for 1997 is the only relevant issue that petitioner has raised, respondent is

_____

[4] Because we conclude that petitioner had a prior opportunity to dispute the underlying tax liability as a result of the levy notice of determination issued to him, we need not address whether petitioner actually received the notice of deficiency issued to him with respect to 1997.

entitled to a decision in his favor.  We therefore conclude that respondent did not abuse his discretion in sustaining the notice of Federal tax lien.

We have considered all the remaining arguments made by the parties for results contrary to those expressed herein, and to the extent not discussed, we conclude those arguments are moot, without merit, or unnecessary to reach.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.