T.C. Memo. 2007-143

UNITED STATES TAX COURT

EDWARD G. CASTLEMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13139-06L.                    Filed June 6, 2007.

Edward G. Castleman, pro se.

<u>Lynn M. Curry</u> and <u>Sandra Reid</u>, for respondent.

MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This proceeding arises
from a petition for judicial review filed in response to a Notice
of Determination Concerning Collection Action(s) Under Section
6320 and/or 6330 (notice of determination) sent to petitioner in

June 2006.[1]  The issue for decision is whether respondent abused his discretion in sustaining a notice of Federal tax lien filed against petitioner.

Background

Some of the facts have been stipulated, and they are so found.  The record consists of the stipulation of facts with attached exhibits, additional exhibits introduced at trial, and the testimony of petitioner.  At the time the petition was filed, petitioner resided in Fort Myers, Florida.

Petitioner filed tax returns for 1996 and 1997 but did not pay all the tax reported thereon.  Respondent issued petitioner a notice of deficiency for the taxable year 1996.  Petitioner did not file a petition for judicial review, and respondent assessed the additional tax shown on the notice.  Respondent accepted petitioner's return for 1997 and therefore did not issue a notice of deficiency for that year.

Respondent issued petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing (notice of intent to levy) for the taxable years 1996 and 1997 on February 23, 2004.  Petitioner did not request an administrative hearing in response to the notice of intent to levy.

---

[1]  Section references are to the Internal Revenue Code and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent filed a notice of Federal tax lien against petitioner on June 29, 2004, and issued him a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 on June 30, 2004. Petitioner timely submitted a Form 12153, Request for a Collection Due Process Hearing. Petitioner's case was assigned to an Appeals officer, who conducted an administrative hearing with petitioner and petitioner's representative. Petitioner did not propose a collection alternative but instead sought to challenge only the underlying tax liability. The Appeals officer refused to consider the issue, however, because petitioner had received a notice of deficiency for 1996 and a notice of intent to levy for 1996 and 1997. After the hearing was concluded, respondent issued the notice of determination sustaining the lien filing.

## Discussion

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person when a demand for the payment of the person's liability for taxes has been made and the person fails to pay those taxes. Such a lien arises when an assessment is made. Sec. 6322. Section 6323(a) requires the Secretary to file a notice of Federal tax lien if the lien is to be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor. Lindsay v. Commissioner, T.C. Memo. 2001-285, affd. 56 Fed. Appx. 800 (9th

Cir. 2003).

Section 6320 provides that a taxpayer shall be notified in writing by the Secretary of the filing of a notice of Federal tax lien and provided with an opportunity for an administrative hearing. An administrative hearing under section 6320 is conducted in accordance with the procedural requirements of section 6330. Sec. 6320(c). At the administrative hearing, a taxpayer is entitled to raise any relevant issue relating to the unpaid tax, including a spousal defense or collection alternatives such as an offer-in-compromise or an installment agreement. Sec. 6330(b) and (c)(2)(A); sec. 301.6320-1(e)(1), Proced. & Admin. Regs. A taxpayer also may challenge the existence or amount of the underlying tax liability, including a liability reported on the taxpayer's original return, if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B); see also Urbano v. Commissioner, 122 T.C. 384, 389-391 (2004); Montgomery v. Commissioner, 122 T.C. 1, 9-10 (2004).

At the conclusion of the hearing, the Appeals officer must determine whether and how to proceed with collection, taking into account, among other things, collection alternatives proposed by the taxpayer and whether any proposed collection action balances the need for the efficient collection of taxes with the

legitimate concern of the taxpayer that the collection action be no more intrusive than necessary.  See sec. 6330(c)(3).

Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.  Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo.  Where the validity of the underlying tax liability is not properly at issue, however, the Court will review the Commissioner's administrative determination for abuse of discretion.  Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Petitioner seeks to challenge only the underlying tax liability.  The parties agree, however, that petitioner received a notice of deficiency for 1996[2] and a notice of intent to levy for 1996 and 1997.  The receipt of a notice of deficiency

---

[2]  Petitioner stipulated that he received the notice of deficiency, but at trial petitioner was unsure whether he had received the notice or some other type of correspondence.  In some circumstances, the Court may relieve a party from being bound by a stipulation where stipulated facts are clearly contrary to facts disclosed by the record.  See Rule 91(e); Jasionowski v. Commissioner, 66 T.C. 312, 318 (1976).  Petitioner conceded, however, that he may have received a notice of deficiency.  In addition, the notice of determination indicates the Appeals officer verified that a notice of deficiency had been issued.  While respondent's failure to produce the notice of deficiency at trial raises an issue as to whether a notice of deficiency was in fact issued, we do not conclude that the stipulated facts clearly contradict the facts disclosed by the record.  See Jasionowski v. Commissioner, supra.  Accordingly, we will not disturb the stipulation executed and filed by the parties.

constitutes an opportunity to dispute the underlying tax liability, sec. 6330(c)(2)(B), as does the receipt of a notice of intent to levy, <u>Miller v. Commissioner</u>, T.C. Memo. 2007-35; sec. 301.6320-1(e)(3), A-E7, Proced. & Admin. Regs.; see also <u>Bell v. Commissioner</u>, 126 T.C. 356 (2006). This is true even if the taxpayer did not request an administrative hearing in response to the notice of intent to levy. See <u>Miller v. Commissioner</u>, <u>supra</u>; sec. 301.6320-1(e)(3), A-E7, Proced. & Admin. Regs. Accordingly, petitioner is precluded from challenging the underlying tax liability.

On the basis of our review of the record, we conclude that respondent satisfied the requirements of section 6330(c) and did not abuse his discretion in sustaining the notice of Federal tax lien filed against petitioner. Respondent's determination therefore is sustained.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.