T.C. Memo. 2010-93

UNITED STATES TAX COURT

SHIRLEY V. MCCOLLIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19179-08L.            Filed May 3, 2010.

Shirley V. McCollin, pro se.

<u>Michelle L. Maniscalco</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GALE, <u>Judge</u>:  Pursuant to sections 6320 and 6330(d),[1]
petitioner seeks review of respondent's determination to sustain
a notice of Federal tax lien with respect to petitioner's unpaid

---

[1]Unless otherwise noted, all section references are to the
Internal Revenue Code of 1986 as amended.  All dollar amounts
have been rounded to the nearest dollar.

trust fund recovery penalties (trust penalties) under section 6672 for the quarterly periods ended December 31, 2002, and June 30, 2003[2] (relevant periods). The issues for decision are: (1) Whether petitioner is precluded from challenging her underlying tax liabilities for the relevant periods; and (2) whether respondent abused his discretion in upholding the notice of Federal tax lien.[3]

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in New York at the time she filed the petition.

I. Petitioner's Liability for Trust Fund Recovery Penalties

On October 4, 2005, respondent sent petitioner by certified mail a Letter 1153, Trust Funds Recovery Penalty Letter, proposing to assess against petitioner trust fund penalties of $15,129 pursuant to section 6672 for the relevant periods,

---

[2]Although an attachment to respondent's notice of determination refers to June 30, 2006, the notice itself and all other relevant documents refer to June 30, 2003. We conclude that the reference to 2006 is a typographical error.

[3]The Court conducted a trial on the issue of whether petitioner is precluded from challenging her underlying tax liabilities, leaving the option of a further trial concerning the merits of the underlying tax liabilities if it were concluded that petitioner is entitled to challenge them. Given our conclusion herein that petitioner is precluded from challenging her underlying liabilities, no further proceedings appear necessary.

attributable to unpaid tax liabilities of Globenet Telecommunications, Inc. (Globenet).  The Letter 1153 was sent to petitioner's last known address and informed her that she had the right to appeal or protest the proposed assessment and that she had to mail a written appeal within 60 days of the date of the letter to preserve her right to appeal.  The U.S. Postal Service subsequently attempted delivery of the letter before returning it to respondent marked "Unclaimed".  Respondent received the unclaimed letter on October 28, 2005.  Petitioner did not appeal, and on March 27, 2006, the trust fund penalties were assessed against petitioner as a responsible party for Globenet's unpaid tax liabilities.[4]

## II.  Respondent's Collection Activities

On September 14, 2007, respondent sent to petitioner by certified mail a Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice) covering the section 6672 penalties for the relevant periods.  Petitioner received the levy notice shortly thereafter.  On October 23, 2007, respondent mailed to petitioner by certified mail a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (lien notice) covering the section 6672 penalties for the relevant periods as well as three other quarters in 2002 and two quarters

---

[4]In the petition, petitioner averred that she was a "15% shareholder" of Globenet during the relevant periods.

in 2001.  Respondent enclosed a Form 12153, Request for a Collection Due Process or Equivalent Hearing, with the lien notice.  Petitioner completed the Form 12153, requesting a hearing with respect to the relevant periods but not the other quarters listed on the lien notice.  The Form 12153 explained petitioner's disagreement with the lien as follows:  "I was not the decision maker in the business - all payment decisions were made by president - Kenneth Williams."  Next to the form's signature line, petitioner entered the date "October 3, 2007".  Petitioner checked boxes on the form indicating that the basis for her hearing request was both a lien notice and a levy notice.  She further indicated that she wished to pursue a collection alternative; namely, an installment agreement or an offer-in-compromise.  Petitioner hand-delivered an envelope containing the form and a copy of the levy notice to a security guard at respondent's local office in Hauppauge, New York.  The envelope was dated "October 24", in the handwriting of respondent's security guard.

The Appeals employee assigned to petitioner's case took the position, on the basis that petitioner's Form 12153 was received by the Appeals Office on October 24, 2007, that the form was

untimely with respect to the proposed levy.[5]  The Appeals employee and petitioner conferred by telephone on May 20, 2008, at which time an installment agreement was discussed, according to the case activity record.  The case activity record further records that the Appeals employee subsequently sent petitioner a proposed installment agreement but that on July 2, 2008, petitioner called the Appeals employee and informed him that she did "not want to pay on * * * [her] debt for the rest of her life" and that she wanted him to issue a notice of determination so that she could go to the Tax Court.

On July 7, 2008, the Appeals Office sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) sustaining the notice of Federal tax lien.  The notice of determination stated that petitioner raised no issues other than challenging her underlying tax liabilities, which she was ineligible to do "since prior appeal rights were offered" with respect to the Letter 1153. Petitioner filed a timely petition contesting the notice of determination.  In her petition, petitioner's only averments were challenges to her underlying tax liabilities.

---

[5]According to the Appeals employee's case activity record, petitioner did not request an equivalent hearing with respect to the proposed levy.

OPINION

## I. Collection Hearing Procedure

Section 6320(a) requires the Secretary to notify the taxpayer in writing of the filing of a notice of Federal tax lien and of the taxpayer's right to an administrative hearing on the matter. At the hearing a taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and possible collection alternatives. Sec. 6330(c)(2)(A). A taxpayer is precluded, however, from contesting the existence or amount of the underlying tax liability unless the taxpayer failed to receive a notice of deficiency for the tax liability in question or did not otherwise have an opportunity to dispute the tax liability. See sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following a hearing the Appeals Office must issue a notice of determination regarding the validity of the filed Federal tax lien. In making the determination the Appeals officer is required to take into consideration: (1) His verification that the requirements of applicable law and administrative procedure have been met; (2) relevant issues raised by the taxpayer; and (3) whether the proposed collection action appropriately balances the need for efficient collection of taxes with a taxpayer's concerns regarding the intrusiveness of the proposed collection

action.  Sec. 6330(c)(3).  If the taxpayer disagrees with the

Appeals Office's determination, the taxpayer may seek judicial

review by appealing to this Court.  Sec. 6330(d).

II.   Whether Petitioner May Challenge the Underlying Tax
      Liabilities

Respondent contends, and we agree, that section

6330(c)(2)(B) precludes petitioner from challenging the existence

or amount of her underlying tax liabilities for the relevant

periods because petitioner had a prior opportunity to dispute

them.  Although the Appeals employee concluded in the notice of

determination that petitioner was precluded from challenging the

underlying tax liabilities on the basis of the mailing of the

Letter 1153 to petitioner and its return to respondent unclaimed,

we need not decide whether the circumstances surrounding the

Letter 1153 provided sufficient grounds for the Appeals

employee's conclusion.  That is so because, even if the Appeals

employee erred in relying on the Letter 1153, such error was

harmless.  The levy notice, which petitioner acknowledged

receiving sometime "close" to its mailing date of September 14,

2007, constituted a prior opportunity to dispute the underlying

tax liability as contemplated in section 6330(c)(2)(B).  See Bell

v. Commissioner, 126 T.C. 356, 358 (2006).

As our findings reflect, we conclude that petitioner

submitted the Form 12153 hearing request on October 24, 2007, and

not on or about October 3, 2007, as petitioner claims.

Petitioner testified, and respondent's records reflect, that she hand-delivered the Form 12153 to respondent's office at Hauppauge, New York. The envelope in which the form was delivered has the notation "October 24" handwritten on it. Respondent's collection group manager at the Hauppauge office testified credibly that it was standard practice at the office for the security guard to accept hand-delivered materials and to date them, and that he recognized the "October 24" notation as the handwriting of the security guard. The Form 12153 itself also bears a "RECEIVED" stamp of October 24, 2007, corroborating the foregoing. Petitioner, by contrast, was unable to recall at trial the exact date on which she delivered the form to respondent's office. Moreover, petitioner offers no explanation as to how the Form 12153 could have been delivered on or about October 3, 2007, when the form requested a hearing for both the levy notice and the lien notice, the latter of which was not issued until October 23, 2007. In these circumstances, we are persuaded that delivery occurred on October 24, 2007.

The levy notice was dated September 14, 2007. Accordingly, the last day for making a timely hearing request with respect to the levy notice was October 15, 2007.[6] Petitioner's Form 12153 was therefore untimely with respect to the levy notice, with the result that she failed to avail herself of a previous opportunity

_____

[6]Oct. 14, 2007, was a Sunday.

to dispute the underlying tax liabilities.  See id. ("This statutory preclusion is triggered by the opportunity to contest the underlying liability, even if the opportunity is not pursued." (emphasis added)).  We conclude that the Appeals employee's determination that petitioner was precluded from challenging the underlying tax liabilities under section 6330(c)(2)(B) was proper.

## III. Review of the Notice of Determination for Abuse of Discretion

Because the validity of the underlying tax liabilities is not properly at issue, we review the notice of determination for abuse of discretion.  See Sego v. Commissioner, supra at 610; Goza v. Commissioner, 114 T.C. 176, 182 (2000).  In reviewing for abuse of discretion under section 6330(d)(1), generally we consider only arguments, issues, and other matters that were raised at the section 6330 hearing or otherwise brought to the attention of the Appeals Office.  Giamelli v. Commissioner, 129 T.C. 107, 115 (2007); see also sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.  However, we review whether the Appeals Office verified compliance with applicable law under section 6330(c)(1) without regard to whether the taxpayer raised it as an issue at the Appeals hearing.  Hoyle v. Commissioner, 131 T.C. 197, 202-203 (2008).  The Appeals Office abuses its discretion if its "discretion has been exercised arbitrarily, capriciously, or

without sound basis in fact." Mailman v. Commissioner, 91 T.C. 1079, 1084 (1988).

Petitioner has not advanced any argument or presented any evidence that would allow us to conclude that the determination to sustain the lien was arbitrary, capricious, or without foundation in fact, or otherwise an abuse of discretion. See, e.g., Giamelli v. Commissioner, supra at 111-112, 115. According to the case activity record and notice of determination, while an installment agreement was initially considered, petitioner terminated such consideration because she wanted to contest the underlying tax liabilities in the Tax Court. Petitioner has not disputed the foregoing.

According to respondent's notice of determination, the Appeals employee verified through transcript analysis that valid assessments of the underlying tax liabilities were made for the relevant periods. Petitioner has not disputed the foregoing. Transcripts of account for each year are in the record, and they demonstrate compliance with assessment procedures. We accordingly find that the Appeals employee verified that all requirements of applicable law and administrative procedure were met. Further, the Appeals Office concluded that the filing of the notice of Federal tax lien balanced the need for efficient collection of taxes with concerns that the collection action be no more intrusive than necessary, according to the notice of

determination.  Petitioner has not disputed the foregoing.
Petitioner raised no other issues throughout the section 6330
administrative process, in her petition, or at trial.  On the
basis of the foregoing, we conclude that respondent did not abuse
his discretion in sustaining the notice of Federal tax lien.

We have considered all of petitioner's statements,
contentions, arguments, and requests that are not discussed
herein, and, to the extent we have not found them to be frivolous
and/or groundless, we find them to be without merit and/or
irrelevant.

To reflect the foregoing,

Decision will be entered

for respondent.