**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-90

UNITED STATES TAX COURT

BRIAN CRAIG JOHNSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11543-13S L.                     Filed September 11, 2014.

Brian Craig Johnson, pro se.

<u>John F. Driscoll</u> and <u>Edwin B. Cleverdon</u>, for respondent.

SUMMARY OPINION

LAUBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]Unless otherwise indicated, all statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In this collection due process (CDP) case, petitioner seeks review pursuant to section 6320(c) of the determination by the Internal Revenue Service (IRS or respondent) to uphold the filing of a notice of Federal tax lien. Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to uphold the notice of tax lien filing was proper as a matter of law. We agree and accordingly will grant the motion.

## Background

Petitioner timely filed a Federal income tax return for 2005. The IRS examined the return, determined a tax deficiency and additions to tax, and mailed a notice of deficiency to petitioner's last known address by certified mail. The notice of deficiency was returned to the IRS unclaimed after three failed delivery attempts. Petitioner did not petition this Court in response to the notice of deficiency. In March 2008 the IRS assessed the income tax deficiency and additions to tax for 2005 and thereafter began its collection efforts.

In August 2009 a settlement officer (SO) from the IRS Appeals Office sent petitioner, with respect to his 2005 tax liability, a Final Notice of Intent to Levy

and Notice of Your Right to a Hearing. Petitioner timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing, in which he sought to dispute his underlying tax liability for 2005. According to petitioner his original return for that year reported an incorrect amount due to an erroneous Schedule K-1, Shareholder's Share of Income, Deductions, Credits, etc.

At the CDP hearing, held in June 2010, the SO told petitioner that he could not challenge his 2005 tax liability because he had neglected to petition the Tax Court in response to the 2005 notice of deficiency. As stated in her case activity report, petitioner was "prohibited [from challenging his underlying liability] because the Statutory Notice of Deficiency was mailed to the last known address. [T]he notice was returned to IRS unclaimed." Following the hearing the SO issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the proposed levy, which petitioner does not dispute receiving. Petitioner did not petition this Court in response to that notice of determination.

In a further effort to collect petitioner's assessed 2005 tax liability, the IRS filed, in December 2012, a notice of Federal tax lien (NFTL), which is the subject of the present controversy. The IRS sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, and he timely requested

another CDP hearing. In his request petitioner advanced the same challenge to his underlying 2005 tax liability that he had attempted to raise at the prior CDP hearing. He also sought a collection alternative in the form of an offer-in-compromise and/or withdrawal of the NFTL.

A different settlement officer (SO2) acknowledged receipt of petitioner's hearing request and scheduled a telephone CDP hearing. She informed petitioner that, in order for her to consider a collection alternative, he had to be in compliance with his Federal tax return filing obligations. She noted that, according to IRS records, he had filed no return for 2007, 2009, 2010, or 2011.

During the April 3, 2013, hearing, SO2 advised petitioner he could not contest his assessed 2005 tax liability because he had neglected to petition this Court in response to either the 2005 notice of deficiency or the 2010 notice of determination. Moreover, because petitioner had filed no tax return for 2007, 2009, 2010, or 2011, she was unable to consider his request for an offer-in-compromise. However, she told him that she might consider a request for withdrawal of the NFTL. She faxed him the relevant form and gave him 14 days to respond.

Petitioner did not return the withdrawal form, nor did he provide any other documentation to SO2 during the hearing process. She subsequently closed the case and, on April 23, 2013, the IRS issued petitioner a notice of determination

upholding the NFTL.  Petitioner, while residing in Louisiana, timely petitioned this Court for review of that determination.

## Discussion

### I.  Summary Judgment Standard

Summary judgment is intended to expedite litigation and avoid unnecessary and costly trials.  FPL Grp., Inc. v. Commissioner, 115 T.C. 554, 559 (2000).  We may grant summary judgment when no genuine dispute exists regarding any material fact and a decision may be rendered as a matter of law.  See Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  In response to a motion for summary judgment, the nonmoving party must set forth specific facts showing that a genuine dispute of material fact exists for trial.  Rule 121(d); Sundstrand Corp., 98 T.C. at 520.

Petitioner responded to the motion for summary judgment by filing a letter noting that certain property subject to the tax lien had been sold and expressing the hope that the proceeds would discharge his 2005 tax liability.  This letter did not allege any material facts in dispute.  We conclude that summary adjudication is appropriate.

## II.     Standard of Review

Neither section 6320(c) nor 6330(d) prescribes the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case.  The general parameters for such review are marked out by our precedents.  Where the validity of the underlying tax liability is at issue, the Court reviews the IRS' determination de novo.  Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Where the underlying tax liability is not properly at issue, we review the IRS' decision for abuse of discretion.  Id. at 182.  An abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law.  See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

A taxpayer's underlying liability is not properly at issue during a CDP hearing, and therefore cannot be raised in this Court on review thereof, if the taxpayer received a notice of deficiency for such liability or otherwise had a prior opportunity to dispute it.  See sec. 6330(c)(2)(B); sec. 301.6320-1(e)(3), Q&A-E2, Proced. & Admin. Regs.  A taxpayer has had a prior opportunity to dispute a liability when he participated in an earlier CDP hearing, received a notice of determination regarding the same liability, and was entitled to petition this Court

for review of the determination under section 6320(c) or 6330(d). See Bell v.

Commissioner, 126 T.C. 356 (2006).

Here, petitioner participated in a prior CDP hearing regarding his 2005 tax

liability--the June 2010 hearing regarding the notice of levy. He attempted to raise

his 2005 tax liability at that hearing, but the SO refused to let him do so.

Conceivably, that refusal may have been erroneous.[2]  If it was, petitioner could

have challenged that determination, as well as his underlying 2005 tax liability, by

seeking review in this Court. See Bell, 126 T.C. at 358-359.  Because petitioner

had a prior opportunity to contest his 2005 tax liability but neglected to do so, that

liability was not properly raised at the April 2013 CDP hearing.  We accordingly

review SO2's determination for abuse of discretion only.

---

[2]The SO, during the June 2010 hearing, refused to let petitioner challenge his underlying tax liability because he had not petitioned this Court in response to the 2005 notice of deficiency.  Generally, a taxpayer must actually receive the notice of deficiency for the preclusion under section 6330(c)(2)(B) to apply. See Tatum v. Commissioner, T.C. Memo. 2003-115.  But see Onyango v. Commissioner, 142 T.C. __ (June 24, 2014) (preclusion applies despite lack of receipt where taxpayer declines to retrieve mail despite multiple reasonable opportunities to do so); Sego v. Commissioner, 114 T.C. 604, 610 (2000) (preclusion applies despite lack of receipt where taxpayer deliberately refuses delivery of mail).  The record contains no evidence as to why the 2005 notice of deficiency, though mailed to petitioner's last known address, was returned to the IRS unclaimed after three failed delivery attempts.  Because petitioner did not petition in response to the 2010 notice of determination, we need not decide whether the SO was correct in determining that preclusion applied because he did not petition in response to the 2005 notice of deficiency.

III.    Analysis

We consider whether, in the course of making her determination, SO2:  (1) properly verified that the requirements of any applicable law or administrative procedure have been met; (2) considered any relevant issues petitioner raised; and (3) determined whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary."  Sec. 6330(c)(3).

We have reviewed the record and conclude that SO2 properly verified that all requirements of applicable law and administrative procedure were met.  SO2 also properly balanced the need for efficient collection of taxes with petitioner's legitimate concern that collection action be no more intrusive than necessary.  SO2 declined to consider petitioner's request for an offer-in-compromise because he had not filed a tax return for 2007, 2009, 2010, or 2011.  It is not an abuse of discretion for the IRS to decline discussion of a collection alternative where the taxpayer is not in compliance with his tax return filing obligations.  See, e.g., Rodriguez v. Commissioner, T.C. Memo. 2003-153.  Rather generously, SO2 did offer petitioner the opportunity to request withdrawal of the NFTL.[3]  Petitioner did

_____

[3]Withdrawal of an NFTL is a collection alternative.  See sec. 301.6320-1(e)(3), Q&A-E6, Proced. & Admin. Regs.  Because petitioner was not in

(continued...)

not return the withdrawal form within the 14 days allowed and he thus declined to pursue this opportunity.  Petitioner has not alleged a material dispute of fact concerning any of these points, and we therefore resolve them in respondent's favor.

Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and affirm the IRS' determination to sustain the notice of Federal tax lien filing.  To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.

---

[3](...continued)
compliance with his tax return filing obligations, SO2 was not obligated to offer that relief.