# United States Tax Court

T.C. Memo. 2022-76

NOEL CHRISTOPHER KNIGHT,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 11719-20L.                                     Filed July 14, 2022.

————

Noel Christopher Knight, pro se.

*Sharyn M. Ortega*, *Brian A. Pfeifer*, and *Daniel J. Kleid*, for respondent.

## MEMORANDUM OPINION

LAUBER, *Judge*: In this collection due process (CDP) case petitioner seeks review pursuant to sections 6320(c) and 6330(d)(1) of determinations by the Internal Revenue Service (IRS or respondent) to uphold collection actions.[1] Respondent has filed a Motion for Summary Judgment, contending that petitioner is not entitled to challenge his underlying tax liability and that the settlement officer did not abuse her discretion. We agree and accordingly will grant the Motion.

## *Background*

The following facts are derived from the parties' pleadings and motion papers, including accompanying declarations and exhibits. *See* Rule 121(b). These declarations and exhibits include a copy of the

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*2] administrative record of the CDP proceeding. Petitioner is a lawyer who resided in California when he filed his Petition.

Petitioner has unpaid income tax liabilities for 2011–2017. As of February 2021 these liabilities totaled about $95,000. In an attempt to collect this debt the IRS issued him notices of intent to levy (levy notices) as follows:

| Tax Year | Levy Notice Issued |
|----------|--------------------|
| 2011 | 03/11/2014 |
| 2012 | 03/11/2014 |
| 2013 | 03/06/2017 |
| 2014 | 06/26/2018 |
| 2015 | 06/26/2018 |
| 2016 | 06/26/2018 |
| 2017 | 04/15/2019 |

On April 23, 2019, the IRS sent petitioner a notice of Federal tax lien (NFTL) filing (lien notice) for 2011–2017.

In 2018 petitioner requested and received a CDP hearing for the levy notices associated with tax years 2014–2016. In May 2019, after receiving the lien notice and the 2017 levy notice, he requested another CDP hearing, stating that he was disputing the levy and lien notices for all seven years. As the basis for his challenge, he asserted that "IRS figures are incorrect," that his representative had "calculated [the] correct figure[s]," and that amended returns would be submitted accordingly.

The IRS determined that petitioner's hearing request was untimely as to the levy notices for 2011–2013, because those notices had been issued in 2014 and 2017. *See* § 6330(a)(3)(B) (requiring that hearing be requested within 30 days of levy notice). The IRS determined that petitioner likewise was not entitled to a hearing regarding the levy notices for 2014–2016 because he had been afforded a CDP hearing in 2018 with respect to those notices. The IRS thus informed petitioner that his hearing would be limited to the levy notice for 2017 and the lien notices for 2011–2017.

Petitioner's case was assigned to a settlement officer (SO) in the IRS Independent Office of Appeals (Appeals). She reviewed the file and

[*3] verified that all requirements of applicable law and administrative procedure had been met. On December 23, 2019, the SO sent petitioner and his representative letters scheduling a telephone conference. The letters noted that, in order for Appeals to consider an underlying liability challenge, petitioner should submit amended tax return(s) within 21 days. If petitioner desired consideration of a collection alternative, he was instructed to submit specified financial information and proof that he had made estimated tax payments for 2019. He submitted none of this documentation before the telephone conference.

Petitioner's representative participated in the telephone conference on January 30, 2020. The SO explained why petitioner was ineligible for a CDP hearing regarding the levy notices for 2011–2016. The representative told the SO that petitioner was waiting for the IRS to accept an amended return he had filed for 2015 and that he intended to file amended returns for 2016–2018 as well. The representative said that petitioner was interested in a payment plan for 2011–2014, the years for which he did not dispute his liabilities.

The SO explained that any installment agreement had to cover petitioner's outstanding balance for all open years. The SO estimated an acceptable monthly payment as $1,620 but was told that petitioner probably could not pay that amount. In that event petitioner was instructed to submit Form 433–A, Collection Information Statement for Wage Earners and Self-Employed Individuals, so that the SO could determine his ability to pay. Petitioner's representative was directed to submit amended returns and a completed Form 433–A promptly. Otherwise the SO would close the case.

The SO received no documents or communication from petitioner or his representative during the ensuing two months. On March 23, 2020, after balancing the appropriateness of the collection action against its intrusiveness, the SO prepared to close the case. Her efforts were interrupted by an IRS-wide suspension on collection activity owing to the COVID-19 pandemic. On August 18, 2020, still having received nothing from petitioner or his representative, Appeals issued a notice of determination sustaining the NFTL filings for 2011–2016 and a separate notice sustaining the NFTL filing and proposed levy for 2017.

Petitioner timely petitioned this Court. The only issue he raised in his Petition was the correct amount of his underlying tax liability for 2015. He asserted that the IRS erroneously attributed to him "nearly

[*4] $100,000+ of separation/divorce related income," funds that he alleged were not his income but were held in a client trust account.

On March 17, 2021, respondent filed a Motion for Summary Judgment. Respondent contends that he is entitled to summary judgment because petitioner's underlying tax liabilities are not at issue and because the SO did not abuse her discretion in sustaining the collection actions. Petitioner timely opposed the Motion, again advancing as his sole argument a challenge to his underlying tax liability for 2015.

*Discussion*

A.  *Summary Judgment Standard*

Our decision in this case is most likely appealable to the U.S. Court of Appeals for the Ninth Circuit. *See* § 7482(b)(1)(G)(i), (2). That court has held that, where de novo review is not applicable, the scope of review in a CDP case is confined to the administrative record. *See Keller v. Commissioner*, 568 F.3d 710, 718 (9th Cir. 2009), *aff'g in part* T.C. Memo. 2006-166, *and aff'g in part, vacating in part* decisions in related cases. For the reasons discussed below, de novo review is not applicable in this case, and petitioner has given no reason for us to believe that the administrative record is incomplete. Accordingly, "summary judgment serves as a mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Belair v. Commissioner*, 157 T.C. 10, 17 (2021) (quoting *Van Bemmelen v. Commissioner*, 155 T.C. 64, 79 (2020)).

B.  *Standard of Review*

Neither section 6320(c) nor section 6330(d)(1) prescribes the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. The general parameters for such review are marked out by our precedents. Where the validity of a taxpayer's underlying liability is properly at issue, we review the IRS determination de novo. *Sego v. Commissioner*, 114 T.C. 604, 610 (2000); *Goza v. Commissioner*, 114 T.C. 176, 181–82 (2000). Where the taxpayer's underlying liability is not in dispute, we review the IRS decision for abuse of discretion only. *Jones v. Commissioner*, 338 F.3d 463, 466 (5th Cir. 2003); *Goza*, 114 T.C. at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. *See Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006).

**[\*5]** C.    *Underlying Liability*

The only issue raised in petitioner's Petition and in his Opposition to respondent's Motion is the correct amount of his underlying tax liability for 2015. Under Rule 34(b)(4), "[a]ny issue not raised in the [Petition's] assignments of error shall be deemed to be conceded." We conclude that petitioner has waived any challenge to his underlying liabilities for 2011–2014, 2016, and 2017.

As for 2015, a taxpayer may challenge his underlying liability at a CDP hearing only if he did not receive a statutory notice of deficiency for that liability or did not otherwise have a prior opportunity to dispute it. §§ 6320(c), 6330(c)(2)(B); *Sego*, 114 T.C. at 609. Petitioner had a prior opportunity to dispute his 2015 income tax liability, viz., during the 2018 CDP hearing that he was afforded regarding the levy notices for 2014–2016. During that prior hearing he was entitled to challenge his underlying liability for 2015.

An earlier CDP hearing is considered a prior opportunity to challenge the taxpayer's underlying liability for whatever tax years were then in issue. *See* Treas. Reg. §§ 301.6320-1(e)(3), Q&A–E2, 301.6330-1(e)(3), Q&A–E2. This is true whether or not the taxpayer actually raised his underlying liability at the prior hearing. *See* § 6330(c)(4)(A); *Bell v. Commissioner*, 126 T.C. 356, 358 (2006); Treas. Reg. §§ 301.6320-1(e)(1), 301.6330-1(e)(1). The SO explained to petitioner that he was not entitled to a hearing regarding the 2014–2016 levy notices because that would be an improper "second request." *See* § 6330(b)(2) (providing that "[a] person shall be entitled to only one hearing . . . with respect to the taxable period" for which there is an unpaid tax). And the SO correctly noted in her case activity record that petitioner's "[p]rior CDP levy appeal request was received for 2014–2016 tax years, and the [taxpayer] cannot raise the liability issue [for those years] under CDP." Because petitioner challenges his underlying liability only for 2015—which we find that he cannot do—we will review the SO's actions for abuse of discretion only.[2]

---

[2] In opposing summary judgment petitioner contends that there is a dispute of fact as to whether he authorized his representative during the CDP hearing to forgo an underlying liability challenge by relying exclusively on the filing of amended returns. Because the 2018 CDP hearing barred petitioner from challenging his 2015 liability on any ground, this factual dispute (assuming it to exist) is immaterial. In any event petitioner's representative did not submit to the SO—despite the SO's

[*6] D.   *Abuse of Discretion*

In deciding whether the SO abused her discretion in sustaining the collection action, we consider whether she (1) properly verified that the requirements of applicable law and administrative procedure have been met, (2) considered any relevant issues petitioner raised, and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of [petitioner] that any collection action be no more intrusive than necessary." § 6330(c)(3).  Our review of the record establishes that the SO properly discharged all of her responsibilities under section 6330(c).

The SO addressed the possibility of an installment agreement, but petitioner's representative demurred to her proposal of a $1,620 monthly payment.  The representative offered no concrete counterproposal, and an SO is not obligated to pursue a collection alternative where no such proposal is made. *McLaine v. Commissioner*, 138 T.C. 228, 243 (2012); *Nimmo v. Commissioner*, T.C. Memo. 2020-72, 119 T.C.M. (CCH) 1504, 1506.  Moreover, petitioner's refusal to accept the SO's proposal was based on his alleged inability to pay, but he declined to submit Form 433–A and the supporting financial information necessary to substantiate his allegation.  An SO does not abuse her discretion in sustaining a collection action after a taxpayer fails to submit requested financial information.  *McLaine*, 138 T.C. at 243; *Sullivan v. Commissioner*, T.C. Memo. 2012-337, 104 T.C.M. (CCH) 713, 718.  The SO gave petitioner ample time, both before and after his CDP hearing, to supply this information, and she did not abuse her discretion by closing the case when she did.

Finding no abuse of discretion in any respect, we will grant respondent's Motion and sustain the collection actions.  To reflect the foregoing,

*An appropriate order and decision will be entered for respondent.*

---

request by letter dated December 23, 2019—either a copy of an amended 2015 return or any other evidence regarding petitioner's 2015 liability.  That issue therefore was not "properly raised in the taxpayer's CDP hearing," Treas. Reg. § 301.6330-1(e)(3), Q&A–F3, and it could not properly be advanced in this Court, *see Thompson v. Commissioner*, 140 T.C. 173, 178 (2013).