# United States Tax Court

T.C. Memo. 2023-76

PATRICIA HYDE,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 12796-20L.                               Filed June 21, 2023.

————————

Patricia Hyde, pro se.

*G. Chad Barton*, *Philip A. Myers*, *Paul A. George*, and *Vassiliki Economides Farrior*, for respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, *Judge*: This collection due process (CDP) case is before the Court on a Petition for review pursuant to sections 6320(c) and 6330(d)(1) of respondent's determination regarding collection action for tax year 2006.[1] The relevant collection action, the filing of a Notice of Federal Tax Lien (NFTL), was sustained by a notice of determination dated September 29, 2020. The issue for decision is whether the settlement officer (SO) abused her discretion by determining that petitioner's liabilities were appropriately assessed and that the Commissioner's NFTL filing should be sustained. We conclude that she did not.

_____

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*2]                    FINDINGS OF FACT

Petitioner resided in Arkansas when she filed her Petition. The facts in this Opinion are derived from the administrative record of petitioner's CDP hearing.[2] Owing to the inadvertent omission of six pages from the administrative record, the record was made complete through the admission of two trial Exhibits submitted by agreement of the parties.[3] Also pending is petitioner's Motion to Dismiss for Lack of Jurisdiction, which the Court took under advisement at the trial and on which the Court directed the parties to include arguments in their Briefs.

I.    *Original Court Proceedings*

Petitioner is no stranger to this Court, nor are the issues surrounding her unpaid 2006 federal income tax liabilities. Petitioner failed to file a federal income tax return for 2006. Pursuant to section 6020(b) respondent prepared a substitute for return for that year and issued a notice of deficiency to petitioner on January 4, 2010. In the timely notice of deficiency respondent determined a $33,498 deficiency in petitioner's 2006 federal income tax and additions to tax of $7,537 under section 6651(a)(1), $4,857 under section 6651(a)(2), and $1,585 under section 6654(a).

Petitioner timely petitioned this Court, in the case at Docket No. 8225-10, to dispute the notice of deficiency for 2006. This Court held a trial in which petitioner actively participated and issued a memorandum findings of fact and opinion determining a deficiency in income tax due from petitioner of $33,497.60 and additions to tax of $7,536.96 under section 6651(a)(1), $8,374.40 under section 6651(a)(2), and $17.35 under section 6654. *Hyde v. Commissioner*, T.C. Memo.

---

[2] In *Robinette v. Commissioner*, 439 F.3d 455, 461–62 (8th Cir. 2006), *rev'g* 123 T.C. 85 (2004), the U.S. Court of Appeals for the Eighth Circuit held that this Court's review of CDP cases is limited by the Administrative Procedure Act and therefore that such review is limited to the administrative record. Because this case appears to be appealable to the Eighth Circuit, we will follow that court's precedent. *See Golsen v. Commissioner*, 54 T.C. 742, 757 (1970), *aff'd*, 445 F.2d 985 (10th Cir. 1971); *see also* § 7482(b)(1)(G)(i).

[3] Respondent contends the omitted administrative record pages were not material to his determination. Notwithstanding that contention, to the extent the admitted trial Exhibits exceed the administrative record, we conclude that the parties have waived any objection on that ground. *See Laidlaw's Harley Davidson Sales, Inc. v. Commissioner*, 154 T.C. 68, 69 n.2 (2020), *rev'd and remanded on other grounds*, 29 F.4th 1066 (9th Cir. 2022).

**[\*3]** 2011-104, *aff'd*, 471 F. App'x 537 (8th Cir. 2012).[4] The Court also determined petitioner was liable for a $3,000 penalty pursuant to section 6673(a)(1) for asserting frivolous and groundless claims. *Hyde*, T.C. Memo. 2011-104, slip op. at 15.[5] The Court entered its decision on October 19, 2011.

On November 18, 2011, petitioner filed a motion to vacate or revise the Court's decision. The Court denied that motion on November 22, 2011.

Unsatisfied with the result of her Tax Court case, petitioner appealed the decision, which was subsequently affirmed by the Eighth Circuit. *Hyde v. Commissioner*, 471 F. App'x 537. Left unhappy yet again, she petitioned the U.S. Supreme Court. The Supreme Court denied her petition for a writ of certiorari. *Hyde v. Commissioner*, 568 U.S. 1091 (2013).

Petitioner did not post a bond with this Court to stay assessment and collection pending appeal of the Court's decision. On April 9, 2012, respondent assessed the foregoing deficiency, additions to tax, and penalty. Respondent incorrectly assessed an addition to tax under section 6654 of $1,585, the amount in the contested notice of deficiency, rather than the Court's redetermined amount of $17.35. Respondent has conceded this discrepancy, which benefits petitioner, and does not seek to make an adjustment.

II.    *CDP Hearing on NFTL Filing*

On May 14, 2019, respondent filed an NFTL in Benton County, Arkansas, with respect to petitioner's 2006 liabilities. On May 16, 2019, respondent sent petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320. Petitioner timely requested a CDP hearing with the IRS Office of Appeals (Appeals)[6] and, in so doing, made arguments for withdrawal of the NFTL, including on

---

[4] In *Hyde*, T.C. Memo. 2011-104, slip op. at 13–15, this Court determined that petitioner's required annual payment for 2006 was $330, the lesser of 90% of her 2006 tax liability ($30,148) or 100% of her 2005 tax liability ($330). On the basis of that determination, petitioner was liable for an addition to tax under section 6654 of $17.35, not $1,585, as respondent originally determined in the notice of deficiency.

[5] At trial the Court repeatedly warned petitioner that the use of frivolous arguments could subject her to a section 6673 penalty of up to $25,000.

[6] Appeals was renamed the Independent Office of Appeals later in 2019. *See* Taxpayer First Act, Pub. L. No. 116-25, § 1001, 133 Stat. 981, 983–85 (2019).

[*4] grounds that this Court and others had previously found frivolous. Petitioner did not raise any spousal defenses or request any collection alternatives.

Respondent acknowledged receipt of petitioner's request for a CDP hearing regarding the NFTL filing. Later, in a letter from Appeals' SO Chavez, petitioner was informed that the CDP hearing she had requested had been scheduled for February 27, 2020. The SO's letter also outlined the factors that would be considered during the hearing, including circumstances under which the underlying tax liability may be properly at issue, such as when the taxpayer has not been given a previous opportunity to challenge the liability.

As scheduled, on February 27, 2020, a telephone CDP hearing was held between petitioner and SO Chavez. Petitioner challenged the date and the amount of the assessment and questioned the Court-ordered penalty. Petitioner also disputed receiving the notice of deficiency even though her original petition to the Court in the case at Docket No. 8225-10 acknowledged receipt. On the basis of the hearing the SO concluded that petitioner would not agree that the assessment based on this Court's decision entered on October 19, 2011, was valid. The SO also concluded that petitioner would not willingly consider any collection alternatives. Nor did petitioner request any collection alternatives. Neither did petitioner raise any spousal defenses or make any plausible challenges to the appropriateness of the NFTL filing.

On September 29, 2020, respondent issued a notice of determination sustaining the filing of the NFTL under sections 6320 and/or 6330 for petitioner's unpaid 2006 income tax, additions to tax, and penalty liabilities. In the notice of determination SO Chavez, having reviewed petitioner's account, administrative file, and submissions, confirmed that all applicable legal and administrative requirements had been followed in connection with the assessment and proposed collection of the liabilities. This included verifying that the tax year and the liabilities were correct and that the proposed collection action was no more intrusive than necessary.

Petitioner timely petitioned this Court to review the notice of determination. In her Petition she asserts that (1) this Court's decision entered on October 19, 2011, does not overcome the alleged inadequacies of the notice of deficiency (on account of petitioner's being a nonfiler with a substitute for return), (2) the assessments based on the Court's decision were premature or otherwise procedurally defective because of

**[*5]** petitioner's pending appeal of the decision, and (3) the frivolous position penalty imposed sua sponte by this Court was not approved before being assessed, among other frivolous and groundless arguments.

III. *CDP Case Trial*

The Court held a trial on this case during its Little Rock, Arkansas, remote Trial Session. During that time the Court also heard petitioner's Motion to Dismiss for Lack of Jurisdiction, which was taken under advisement. At the end of the trial the Court ordered the parties to file Opening and Answering Briefs.

OPINION

I. *Jurisdiction and Standard of Review*

Section 6321 imposes an automatic lien in favor of the United States on all property and property rights of a taxpayer liable for tax if the taxpayer refuses to pay the tax after a demand for payment is made. The lien arises when the assessment is made. § 6322. An NFTL may then be filed to preserve priority of the lien and alert other creditors to the secured claim. § 6323. The Commissioner must notify the taxpayer in writing of the NFTL's filing and of her right to a CDP hearing on the propriety of the filing. § 6320(a).

In a section 6320 CDP hearing a taxpayer may raise any relevant issue and request the consideration of a collection alternative. *See* §§ 6320(c), 6330(c)(2)(A). An issue is not properly raised at the CDP hearing if the taxpayer fails to request consideration of that issue by the SO or if the taxpayer requests consideration but fails to present any evidence after being given a reasonable opportunity to do so. *See* Treas. Reg. § 301.6320-1(f)(2), Q&A (F)(3). Once Appeals makes a determination following a CDP hearing, the taxpayer may appeal the determination to this Court. §§ 6320(c), 6330(d)(1).

Petitioner contends in her Motion to Dismiss for Lack of Jurisdiction that this Court lacks jurisdiction over this case under sections 6320 and 6330 because Appeals abused its discretion and issued an invalid notice of determination. The Court disagrees with petitioner. Not only does petitioner misapprehend the effect that granting her Motion would have on her case; the record establishes that all jurisdictional conditions have been met and that the case is properly before this Court. *See* §§ 6320(c), 6330(d)(1). Accordingly, the Court will deny petitioner's Motion to Dismiss for Lack of Jurisdiction.

**[\*6]** Where the validity of the underlying tax liability is at issue, the Court reviews the determination de novo. *Goza v. Commissioner*, 114 T.C. 176, 181–82 (2000). Where the underlying tax liability is not properly at issue, the Court reviews the determination for abuse of discretion. *Id.* at 182. Such review is limited to the administrative record developed at the hearing. *Robinette v. Commissioner*, 439 F.3d at 461–62. Appeals abuses its discretion if it acts "arbitrarily, capriciously, or without sound basis in fact or law." *Woodral v. Commissioner*, 112 T.C. 19, 23 (1999).

## II.   *Petitioner's 2006 Federal Income Tax Liabilities*

A taxpayer may challenge the existence or amount of her underlying liabilities in a CDP proceeding only if she "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." §§ 6320(c), 6330(c)(2)(B); *see also Bell v. Commissioner*, 126 T.C. 356, 358 (2006). In this case the phrase "underlying tax liability" includes the tax deficiency, the additions to tax, the frivolous position penalty, and statutory interest. *See Katz v. Commissioner*, 115 T.C. 329, 339 (2000).

Administratively, as well as in this Court, the Eighth Circuit, and the Supreme Court, petitioner has challenged her underlying liabilities with a barrage of frivolous and groundless arguments. The record before this Court illustrates that petitioner has previously received a trial and a memorandum findings of fact and opinion on her dispute as well as postdecision consideration of her motion to vacate or revise. Thus, petitioner has had not only a prior opportunity—but multiple prior opportunities—to dispute her liabilities. Consequently, she is precluded from doing so here yet again. *See* §§ 6320(c), 6330(c)(2)(B); *see also Bell*, 126 T.C. at 358; *Pierson v. Commissioner*, 115 T.C. 576, 579–80 (2000). Accordingly, the Court concludes that a determination de novo is inappropriate in this case.

## III.   *Abuse of Discretion*

Having decided that de novo review is inappropriate, the Court will review respondent's determination for abuse of discretion. Appeals is required to (1) properly verify that the requirements of applicable law and administrative procedure have been met, (2) consider any relevant issues that the taxpayer raised, and (3) consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the [taxpayer] that any collection action

**[\*7]** be no more intrusive than necessary." § 6330(c)(3); *see* § 6320(c). The administrative record establishes that the SO properly discharged her responsibilities under sections 6320(c) and 6330(c)(3). Because petitioner failed to provide any documentation or information to the contrary, the Court is satisfied that SO Chavez adequately balanced the need for efficient collection of taxes with petitioner's legitimate concern that the NFTL filing be no more intrusive than necessary. The Court will thus confine its discussion to the first two requirements.

A.      *Verification of Applicable Law and Procedure, Including Proper Assessment*

Petitioner contends that the assessments based on the Court's decision entered on October 19, 2011, were premature or otherwise procedurally defective because of petitioner's pending appeal of the decision. The Court disagrees.

1.      *Assessment of Liabilities*

Section 6213(a) provides that "no assessment of a deficiency in respect of any tax imposed . . . and no levy or proceeding in court for its collection shall be made . . . , if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final." "[T]he date on which a decision of the Tax Court becomes final shall be determined according to the provisions of section 7481." § 6214(d). Section 7481(a) provides that a Tax Court decision generally will become final "[u]pon the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time," or "if the decision of the Tax Court has been affirmed or the appeal dismissed." However, there is no stay of assessment or collection of any portion of the deficiency determined by the Tax Court unless a bond is filed with the Tax Court on or before the date the notice of the appeal is filed. § 7485(a).

Petitioner did not post a bond with the Tax Court on or before the filing date of her notice of appeal, January 17, 2012. Her failure to do so ended on that date any temporary stay of assessment or collection with respect to the deficiency, additions to tax, or penalty determined in the Court's decision entered October 19, 2011. Accordingly, the Court concludes the assessments were not premature, were properly made on April 9, 2012, and are therefore collectible.

[*8]         2.      *Frivolous Position Penalty*

Section 6673(a)(1) authorizes this Court to impose a penalty of up to $25,000 on a taxpayer whenever it appears that the taxpayer instituted the proceeding primarily for delay or that the taxpayer's position is frivolous or groundless. The authority of the Court to impose such a penalty is not subject to the supervisory approval requirement of section 6751(b)(1). *Williams v. Commissioner*, 151 T.C. 1, 5–10 (2018). This is so because the provision "was not intended as a broad restraint mechanism on the Federal judiciary . . . [or] to cover the imposition of penalties that Congress intended could be imposed by courts because of misbehavior by a litigant during the course of a judicial proceeding." *Id.* at 10. Accordingly, the Court concludes that petitioner's assertion that sanctions imposed pursuant to section 6673 must comply with section 6751(b)(1) is wrong and that the section 6673 penalty was assessable contemporaneously with the decision entered in the notice of deficiency case. *See* §§ 6671(a), 6673(a)(1).

Having determined that petitioner's liabilities for 2006 had not been assessed prematurely in view of the pending appeal, SO Chavez needed only to review the administrative steps taken before assessment, which she did. *See* § 6330(c)(1). Because documents that support her review are in the administrative record, the Court concludes that the verification requirement is met. *See Blackburn v. Commissioner*, 150 T.C. 218, 222 (2018). Further, the SO's failure to spot the discrepancy between the amount of the section 6654 penalty that was assessed and the amount that should have been assessed pursuant to this Court's previous decision does not rise to the level of an abuse of discretion. This Court will, however, rectify the discrepancy, to petitioner's benefit.

B.      *Issues Raised*

Petitioner, rather than raise issues related to the NFTL filing, continued to raise issues that this Court and others have previously deemed frivolous and groundless, and that were not properly at issue in the CDP hearing.

Petitioner did not propose any collection alternatives. Because no such proposal was made, the SO was not required to pursue a collection alternative. *See McLaine v. Commissioner*, 138 T.C. 228, 243 (2012). Further, even if she had, the SO was not provided the current financial data necessary to evaluate the merits of any alternatives. *See Roman v. Commissioner*, T.C. Memo. 2004-20.

**[\*9]** Petitioner did not raise, nor does she qualify for, any spousal defenses, because she did not file a return, let alone a joint return, for the year at issue. *See* §§ 66(a), 6015(a)(1). Nor did she make any plausible challenges to the appropriateness of the NFTL filing.

It is unnecessary for this Court to go any further in refuting "petitioner's groundless arguments with somber reasoning and copious citations of precedent" because "do[ing] so might suggest that these arguments possess some degree of colorable merit." *See Grunsted v. Commissioner*, 136 T.C. 455, 460 (2011) (citing *Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984)). Accordingly, the Court concludes that petitioner has not demonstrated that sustaining the NFTL filing was arbitrary, capricious, without sound basis in fact or law, or otherwise an abuse of discretion.

IV.    *Conclusion*

In consideration of the foregoing, the Court will sustain respondent's collection action. Because respondent concedes that he incorrectly assessed the amount of the addition to tax under section 6654, the parties will be ordered to submit a Rule 155 computation to facilitate adjustment of that assessment in accordance with the Court's memorandum findings of fact and opinion in Docket No. 8225-10 (T.C. Memo. 2011-104), which was entered on October 19, 2011.

The Court has considered all of petitioner's arguments, and to the extent not discussed above, the Court finds them to be irrelevant, incomprehensible, or without merit.

To reflect the foregoing,

*An appropriate order will be issued, and decision will be entered under Rule 155.*